UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BRAD PASSWATER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:13-CV-903 WL |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Brad Passwater, a *pro se* prisoner, is serving a 55-year sentence for a murder committed in Madison County, Indiana. *State v. Passwater*, No. 48D03-0210-MR-355. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE 1.)

I.  BACKGROUND

In deciding the petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Passwater's burden to rebut this presumption with clear and convincing evidence. *Id*. On post-conviction review, the Indiana Supreme Court set forth the facts underlying this case as follows:

> On October 26, 2002, Passwater struck his mother in the head twice with a frying pan and then stabbed her in the head with a knife. A few days later, the State charged Passwater with murder. On November 25, 2003, Passwater filed a notice of intent to present an insanity defense. The trial court appointed a psychiatrist, Dr. Susan Anderson, and a psychologist, Dr. Frank Krause, to make a determination concerning Passwater's current competency and to evaluate his mental health. Following a Competency Hearing the trial court concluded that Passwater was competent to stand trial.
>
> The trial began in August 2004. During *voir dire* there was extended dialogue between the prospective jurors and the attorneys regarding the insanity defense. Several jurors expressed concerns that the defense was overused. One juror questioned whether a defendant who was mentally challenged would actually receive

> the treatment he needed before returning to society. Another juror opined that defendants who used the insanity defense "get a slap on the hand."
>
> During trial the healthcare professionals presented conflicting testimony regarding Passwater's mental health. The defense offered Dr. George Parker who testified that Passwater suffered from paranoid schizophrenia, experienced a schizophrenic episode at the time of the offense, and lacked the ability to "appreciate the wrongfulness of his behavior." The court's first expert witness, Dr. Anderson, testified that she was unable to offer an opinion concerning Passwater's sanity at the time of the offense in part because Passwater refused to cooperate with her evaluation. The court's second expert, Dr. Krause, testified that he had an adequate opportunity to evaluate Passwater and make a determination as to his state of mind. According to Dr. Krause, Passwater experienced some mental health issues but he was nonetheless able to appreciate the wrongfulness of his actions at the time of the offense. Various lay witnesses testified about Passwater's calm and deliberate demeanor shortly before and after he struck his mother.
>
> At the close of evidence, defense counsel requested a jury instruction on the penal consequences of guilty but mentally ill and not responsible by reason of insanity verdicts. He specifically requested a pattern jury instruction apparently used in the state of California. The trial court rejected the tendered instruction because it was inconsistent with Indiana law and instead gave an instruction proposed by the State and approved of by this Court in *Georgopulos v. State*, 735 N.E.2d 1138, 1143 n.3 (Ind. 2000). Defense counsel did not object to the State's tendered instruction.

*Passwater v. State*, 989 N.E.2d 766, 768-69 (Ind. 2013) (internal citations omitted). The jury found Passwater guilty but mentally ill. *Id.* at 769. He was sentenced to a term of 60 years in prison. *Id.* On direct appeal, the Indiana Court of Appeals affirmed the conviction, but remanded for resentencing after concluding that Passwater's sentence had been improperly enhanced in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). *Id.*; *see also Passwater v. State*, No. 48A02-0501-CR-50 (Ind. Ct. App. Dec. 28, 2005). On remand, the trial court sentenced him to

the presumptive sentence of 55 years.[1] *Passwater*, 989 N.E.2d at 769. Passwater did not seek further review in the Indiana Supreme Court or the U.S. Supreme Court. (DE 1 at 1.)

In April 2007, Passwater filed a petition for state post-conviction relief. *Passwater*, 989 N.E.2d at 769. Following an evidentiary hearing at which Passwater was represented by counsel, the petition was denied. *Id.* He appealed, arguing that his trial counsel was ineffective in failing to object to the jury instruction given pursuant to *Georgopolus. Id.* at 769-70; *Passwater v. State*, No. 48A05-1201-PC-17, at *1, 5 (Ind. Ct. App. July 25, 2012). The appellate court found that Passwater failed to establish deficient performance or prejudice, since the instruction was an accurate statement of Indiana law. *Passwater*, No. 48A05-1201-PC-17, at *5-10.

Passwater sought transfer to the Indiana Supreme Court, seeking review of his claim that counsel was ineffective in failing to object to the jury instruction. *Passwater*, 989 N.E.2d at 770. The court granted transfer, and thereafter held that counsel was not ineffective in failing to object to the instruction, because the instruction had been expressly approved of by the court in *Georgopolus,* and it was an accurate statement of Indiana law. *Id.* at 771-73. Accordingly, the court affirmed the denial of post-conviction relief. *Id.* at 773. Passwater did not seek review in the U.S. Supreme Court. (DE 1 at 2.) Thereafter, he filed a federal habeas petition raising one claim: that his counsel was ineffective in failing to object to the jury instruction. (DE 1 at 3.)

II.   ANALYSIS

---

[1] It appears the transcript from the resentencing hearing was inadvertently not included in the record submitted to the court. (*See* DE 6.) However, there is no dispute that Passwater was sentenced to 55 years on remand. *See Passwater*, 989 N.E.2d at 769. Furthermore, the transcript from the resentencing hearing is not needed to resolve Passwater's sole claim, which pertains to his counsel's failure to object to a jury instruction at trial. (*See* DE 1 at 3.)

Passwater's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court may grant an application for habeas relief only if it meets the stringent requirements of 28 U.S.C. § 2254(d), set forth as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under this deferential standard, a federal habeas court must "attend closely" to the decisions of state courts and "give them full effect when their findings and judgments are consistent with federal law." *Williams v. Taylor*, 529 U.S. 362, 383 (2000). A state court decision is "contrary to" federal law if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court, or reaches an opposite result in a case involving facts materially indistinguishable from relevant U.S. Supreme Court precedent. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal court may grant habeas relief under the "unreasonable application" clause if the state court identifies the correct legal principle from U.S. Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins v. Smith,* 539

U.S. 510, 520 (2003). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively" unreasonable. *Id.* In other words, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, —U.S.—, 131 S. Ct. 770, 786 (2011). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.*

Under the Sixth Amendment, a criminal defendant is entitled to "effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." *Bobby v. Van Hook*, 558 U.S. 4, 16 (2009). To prevail on a Sixth Amendment claim, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668 (1984). On the deficiency prong, the central question is "whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices[.]" *Richter*, 131 S. Ct. at 788. The court's review of counsel's performance is deferential, and there is an added layer of deference when the claim is raised in a habeas proceeding; "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* Furthermore, the court must "evaluate [counsel's] performance as a whole rather than focus on a single failing or oversight, " *Ebert v. Gaetz*, 610 F.3d 404, 412 (7th Cir. 2010), and must respect its "limited role in determining whether there was manifest deficiency in light of information then available to counsel." *Premo v. Moore*, —U.S.—, 131 S. Ct. 733, 741 (2011). Counsel is given significant discretion to make strategic decisions based on the

5

information known to him at the time. *See Yu Tian Li v. United States*, 648 F.3d 524, 528 (7th Cir. 2011) ("So long as an attorney articulates a strategic reason for a decision that was sound at the time it was made, the decision generally cannot support a claim of ineffective assistance of counsel."); *United States v. Lathrop*, 634 F.3d 931, 937 (7th Cir. 2011) (observing that as long as counsel's strategic decisions are not "so far off the wall that we can refuse the usual deference that we give tactical decisions by counsel, his performance will not qualify as deficient.").

On the prejudice prong, the petitioner must show there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Id*. at 693. In assessing prejudice under *Strickland*, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel had acted differently." *Richter*, 131 S. Ct. at 791. "The likelihood of a different result must be substantial, not just conceivable." *Id.* at 792. Where it is expedient to do so, the court may resolve an ineffective assistance claim solely on the prejudice prong, because if the petitioner cannot establish prejudice, there is no need to "grade" counsel's performance. *Strickland*, 466 U.S. at 697. Furthermore, where the underlying argument the petitioner wanted counsel to make has no merit, an ineffective assistance claim cannot succeed: "Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996).

Here, Passwater claims that his trial counsel was ineffective in failing to object to the jury instruction regarding the insanity defense. (DE 1 at 3.) In rejecting this claim on post-conviction

6

review, the Indiana Supreme Court properly identified *Strickland* as the governing standard, and concluded that Passwater failed to establish deficient performance or prejudice. *Passwater*, 989 N.E.2d at 770-73. Specifically, the court concluded that an objection would have been unavailing under state law, because the instruction had been expressly approved of by the Indiana Supreme Court in *Georgopolus*, and it was an accurate statement of Indiana law.[2] *Passwater*, 989 N.E.2d at 771-73. This court is bound by the state court's determination of state law in deciding whether counsel was ineffective in failing to object to the instruction. *See Huusko v. Jenkins,* 556 F.3d 633, 637 (7th Cir. 2009) ("[A] federal court cannot issue a writ of habeas corpus that rests on a belief that a state court has misunderstood or misapplied state law."); *Earls v. McCaughtry*, 379 F.3d 489, 495 (7th Cir. 2004) (federal habeas court cannot "second-guess state courts in interpreting state law," and thus court was bound by state's determination that an objection would not have been sustained under state law in assessing ineffective assistance of counsel claim). Because the state court determined that the instruction given was not objectionable under state law, Passwater cannot establish deficient performance or

---

[2] At the end of the opinion, the court approved of a pattern jury instruction which it found to be an "improvement" over the instruction adopted in *Georgopolus*. *Passwater*, 989 N.E.2d at 773. The court "endorse[d] and approve[d]" the use of the pattern jury instruction in future cases. *Id.* However, the court expressly held that the instruction given in Passwater's case "was and is a correct statement of the law." *Id.* at 772. To the extent the opinion reflected a change in Indiana law, counsel cannot be considered incompetent for failing to predict or anticipate changes in the law. *Valenzuela v. United States*, 261 F.3d 694, 700 (7th Cir. 2001) ("[T]he Sixth Amendment does not require counsel to forecast changes or advances in the law.").

prejudice in connection with counsel's failure to object.³ *See Stone*, 86 F.3d at 717. Therefore, this claim is denied.

      C.      Certificate of Appealability

As a final matter, the court must consider whether to grant Passwater a certificate of appealability. 28 U.S.C. § 2253(c); RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the petition is resolved on procedural grounds, to obtain a certificate of appealability the petitioner must establish two components: that reasonable jurists would find it debatable whether the court was correct in its procedural ruling, and that the petition states a valid claim for denial of a constitutional right. *Id.* For the reasons fully explained above, Passwater has not established that the state court's resolution of his claim constituted an unreasonable application of *Strickland*. The court finds no basis for concluding that jurists of reason would debate the outcome of the petition or find a reason to encourage Passwater to proceed further. Accordingly, the court declines to issue him a certificate of appealability.

---

³ Some of the arguments in Passwater's traverse could be read as trying to raise a free-standing challenge to the jury instruction. (*See* DE 9-1 at 8-9, 13.) He did not raise any such claim in his petition, and a traverse is not the proper place to be asserting new claims. *See* RULE 2(C)(1) OF THE RULES GOVERNING SECTION 2254 CASES (providing that all grounds for relief must be contained in the petition). Furthermore, Passwater did not exhaust a free-standing challenge to the jury instruction in the state proceedings. *See Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) (even though petitioner claimed in state proceedings that his attorney was ineffective in failing to challenge a tainted identification, he did not properly exhaust a free-standing claim based on the tainted identification, since operative facts surrounding the two claims were distinct). Nor has he presented any grounds for excusing his failure to do so.

III.  CONCLUSION

For the reasons set forth above, the petition (DE 1) is DENIED. The petitioner is DENIED a certificate of appealability.

SO ORDERED.

ENTERED: April 15, 2014

                                                        s/William C. Lee  
                                                      William C. Lee, Judge  
                                                      United States District Court